**Order filed October 28, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00587-CV**

---

**IN RE T.M.T., Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-04475JA**

---

## ORDER

On October 18, 2021, relator T.M.T., mother, filed a petition for writ of mandamus in this Court, followed by an amended petition for writ of mandamus filed October 19, 2021. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Leah Shapiro, presiding judge of the 315th District Court of Harris County, to vacate several orders signed by the trial court: (1) Order of mistrial signed August 30, 2021; (2) Order to retain suit on court's docket and set a new dismissal date

following a mistrial signed on August 30, 2021; and (3) Order to disqualify attorney signed May 25, 2021.

Relator must file with her petition a sufficient record to establish the right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator's petition and appendix do not comply with the Texas Rules of Appellate Procedure. Relator's amended petition for writ of mandamus and appendix contain multiple references and documents with unredacted sensitive information of relator's children. *See* Tex. R. App. P. 9.8, 9.9(a)(3), 9.10(a)(3); *see also* Tex. Code Crim. Proc. art. 58.105. Parties are required to redact all sensitive information in documents filed in this court unless the inclusion of the sensitive data is specifically required by a statute, court rule, or administrative regulation. Tex. R. App. P. 9.9(b). There is no statute, court rule, or administrative regulation requiring the inclusion of sensitive data.

Additionally, Rule 52.7(a)(2) of the Texas Rules of Appellate Procedure require relator to file with the petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2). The mandamus record includes a notice of hearing scheduled for August 30, 2021, which indicates that the trial court conducted a hearing on the complained of orders. Relator's petition is neither accompanied by a reporter's record of this hearing nor a statement that no testimony was adduced in connection with the matter complained. *See* Tex. R. App. P. 52.7(a)(2).

Accordingly, we order relator to redact all sensitive information from her petition as well as the documents included with her appendix to the petition and refile them in this court on or before November 4, 2021.

By this order, the Court gives relator notice that her petition will be denied unless relator supplements and/or amends her petition to addresses the record issue identified above on or before November 4, 2021.

PER CURIAM

Panel consists of Justices Wise, Bourliot, and Zimmerer.